COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Senior Judge Cole
Argued in Richmond, Virginia


EDSER JOFFREE TORRES GONZALEZ
                                      MEMORANDUM OPINION*
v.   Record No. 0712-96-2            BY JUDGE MARVIN F. COLE
                                         MARCH 18, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Thomas N. Nance, Judge

        Matthew T. Paulk, Assistant Public Defender
        (David J. Johnson, Public Defender, on
        brief), for appellant.

        Daniel J. Munroe, Assistant Attorney General
        (James S. Gilmore, III, Attorney General, on
        brief), for appellee.


        Edser Joffree Torres Gonzalez (defendant) was convicted of

transportation of one or more ounces of cocaine into the

Commonwealth with the intent to distribute in violation of Code

§ 18.2-248.01.  He contends that he did not intend to distribute

cocaine in Virginia, but was merely passing through the state,

and did not violate Code § 18.2-248.01.  We affirm the

conviction.

        On October 13, 1995, around 5:00 a.m., Virginia State Police

Special Agent Jean-Paul Nathan Koushel was working in the

Greyhound bus station in Richmond where the defendant disembarked

from a bus from New York.  Koushel asked the defendant if he

---

        *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

could see his ticket.  Gonzalez showed him a ticket from New York City to Kinston, North Carolina.

When Koushel asked the defendant if he could search his bag, the defendant said that he did not want him in his bag.  Koushel then asked if he could look into the bag, but without Koushel touching anything in the bag.  The defendant opened the bag and began to show Koushel what was inside.  Koushel saw a baggie of marijuana inside the luggage and arrested the defendant for possession of marijuana.  In a search of the bag incident to the arrest, Koushel discovered 41.08 grams of cocaine, more than one ounce.

At trial, following the Commonwealth's evidence, the defendant moved to strike the charge of transporting cocaine into Virginia with intent to distribute on the ground that the Commonwealth failed to prove that the defendant intended to distribute the cocaine in Virginia.  The court denied the motion.

The defendant testified that the cocaine in the bag belonged to three men in a hotel room in Kinston, North Carolina.  He said he was not to give the drugs to anyone in Virginia and he knew no one in Virginia.  The bus stopped in Richmond en route to North Carolina, and Gonzalez got off the bus to smoke a cigarette.  He renewed his motion to strike.  The court ruled that the statute prohibited coming "into Virginia with more than an ounce [of cocaine] and with intent to distribute it anywhere."  The defendant was found guilty as charged.

We find that the issue raised in this case was recently decided in <u>Seke v. Commonwealth</u>, 24 Va. App. \_\_\_, \_\_\_ S.E.2d \_\_\_ (1997). In <u>Seke</u>, we said:

> We hold that the phrase, "intent to . . . distribute" in both Code § 18.2-248 and § 18.2-248.01 contains no geographic limitation and that the Commonwealth is not required to prove the place where a defendant intends to distribute illegal substances in order to obtain a conviction under either code section. This conclusion is consistent with the plain meaning of both statutes. The language of both Code § 18.2-248 and Code § 18.2-248.01 contains no express geographical limitation applicable to the intent element. The plain and obvious meaning of both statutes is to prohibit the possession or transportation of illegal substances in Virginia by a person whose intent is to distribute them <u>anywhere</u>.

<u>Id.</u> at \_\_\_, \_\_\_ S.E.2d at \_\_\_.

Applying that analysis to the facts and circumstances in this case, we affirm the defendant's conviction.

<u>Affirmed.</u>

3